## In re Upper Darby Township Taxes

*Robert W. Beatty* and *Albert J. Williams*, for petitioner.

*Howard M. Lutz,* for School District of Upper Darby.

*Harold L. Ervin,* for Township of Upper Darby.

MacDade, J., December 10, 1940.—The County Commissioners of Delaware County entered into an agreement with one Joseph A. Richman, attorney-in-fact, for the sale and purchase of certain premises in the Township of Upper Darby, subject to the court's approval of a compromise for taxes due. The proceeding is under the Act of May 21, 1937, P. L. 787, secs. 1 to 4, incl., 72 PS §5878 *(a, b, c, d).* . . .

*Findings of fact*

1. The taxes in dispute were levied on 23 properties on Roosevelt Drive in the Township of Upper Darby.

2. On June 9, 1929, the Treasurer of the County of Delaware exposed to public sale for 1927 taxes 17 properties, being numbered 1101, 1102, 1103, 1104, 1105, 1106, 1107, 1108, 1109, 1110, 1112, 1114, 1116, 1118, 1120, and 1122 Roosevelt Drive, Township of Upper Darby, Delaware County, and on June 8, 1931, the treasurer of the county exposed to public sale for 1929 taxes properties numbered 1113, 1115, 1117, 1119, 1121, and 1123 Roosevelt Drive, Township of Upper Darby, and at each of said sales sold all of the above-mentioned properties to the County of Delaware.

3. The period for the redemption of said properties has passed.

4. There is due and payable for unpaid taxes, plus penalties and interest, against each of said properties (with the exception of 1101, 1113, 1115, 1117, 1119, 1121 and 1123) for the years 1927 to 1939, inclusive, the sum of $1,804.54.

5. There is due and payable for unpaid taxes, plus penalties and interest for the years 1927 to 1939, inclusive, on property 1101 Roosevelt Drive, the sum of $1,819.70.

6. There is due and payable for unpaid taxes, plus penalties and interest, for the years 1929 to 1939, inclusive, the following sums for the following properties:

| | |
|---|---|
| 1113 Roosevelt Drive | $1,334.44 |
| 1115 Roosevelt Drive | 1,442.50 |
| 1117 Roosevelt Drive | 1,442.50 |
| 1119 Roosevelt Drive | 1,442.50 |
| 1121 Roosevelt Drive | 1,442.50 |
| 1123 Roosevelt Drive | 1,442.50 |

7. The County of Delaware has entered into an agreement with Joseph A. Richman, attorney-in-fact, for the sale and purchase of said 23 properties on Roosevelt

Drive, subject to the approval of the court, for the price or sum of $150 per property. . . .

## Discussion

The Act of May 21, 1937, P. L. 787, under which this proceeding is held, was enacted in order to bring revenue from uncollected taxes into the municipal and county treasuries under equitable circumstances. We believe the act had in contemplation a situation identical with the present one.

There are only four properties in this row which are rentable. It developed at the hearing that a real estate agent advanced $1,800 per house a few years ago in order to make four houses tenantable. The agent collected the rents and at the present time after taking credit for the same there is a shortage of approximately four hundred dollars per house.

The county treasurer sold these 23 properties on June 9, 1929, at a public sale for 1927 taxes. No private purchaser bought the properties and the County of Delaware took title. No taxes have been collected since 1927, a period of 13 years. During that time the properties have depreciated in value, although the assessment has remained the same. There is no "life" in these 23 houses. If consideration is given to the four houses which are tenantable, it must be conceded that they too will deteriorate in value with no one to take care of the 19 surrounding properties. The neighborhood is "run down at the heel" and unless someone has the courage and inspiration to take over the properties before all is lost there will be no revenue for many years to come for the township, the school district, or the county.

The County of Delaware presented the petition; the Township of Upper Darby passed a resolution in which it approved the compromise. No taxpayers appeared in court to object to the proposed settlement. The only exception was filed by the School District of the Township of Upper Darby, whose solicitor was given full opportu-

nity to test the merits of the application. His conclusion was that the transaction was "unconscionable," with which we cannot agree under the circumstances after a full hearing.

While the School District of the Township of Upper Darby has protested, yet it has adduced no testimony to substantiate its objection. No witnesses were heard on behalf of the school district. Its attack on the proposed settlement was along the lines that the proposed agreement was "unconscionable." The word is a hard one but falls to the ground of its own weight when no substantial argument is produced or testimony offered in support of the accusation. The School District of the Township of Upper Darby has no valid objection to the compromise. The solicitor of the township was present at the hearing and made no objections; in fact stated in open court that he did not agree with the solicitor of the school district that the transaction was "unconscionable."

If the court approves this compromise there will immediately come into the treasuries of the municipalities the sum of $3,450 covering 23 houses at $150 per property; and also the taxes for 1940 at the approximate sum of $80 per house, which will be $1,840. Shortly these districts will be paid the taxes for 1941 at $80 per house, approximating $1,840 additional. It will, therefore, be seen that with the approximate settlement of $150 per house, which amounts to $3,450, and with the additional $3,680 taxes for the years 1940-41, there will come into the hands of the municipalities up to and including 1941 the sum of $7,130. If this suggested compromise is not approved no one can tell when any tax funds will be available from these properties.

It is our conscientious judgment that the proposed compromise or private sale is proper and to the advantage of all the taxing authorities interested, and should be approved.